**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KAREN HYLTON, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 25-2966 (RBW) |
| | ) |
| DISTRICT OF COLUMBIA, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>MEMORANDUM OPINION</u>**

Karen Hylton, the plaintiff in this civil lawsuit, proceeding <u>pro se</u>, filed her Complaint on

July 17, 2025, in the Superior Court of the District of Columbia, asserting claims against the

District of Columbia Office of Risk Management ("ORM") and District of Columbia Mayor

Muriel Bowser (collectively the "District defendants"); the United States Marshals Service

("U.S. Marshals Service"); and WC Smith, a private entity that appears to have been her

landlord.  <u>See</u> Notice of Removal of a Civil Action, Exhibit ("Ex.") 1 (Complaint ("Compl.")) at

1, ECF No. 1-1.  On September 2, 2025, the United States Marshals Service removed the action

to this Court.  <u>See id.</u> at 1.  Currently pending before the Court are (1) Defendant District of

Columbia Office of Risk Management and Mayor Muriel Bowser's Motion to Dismiss Plaintiff's

Complaint ("District Defs.' Mot."), ECF No. 11; and (2) the U.S. Marshals Service's motion to

dismiss, <u>see</u> Federal Defendant's Motion to Dismiss and Memorandum of Law in Support

Thereof ("USMS Mot."), ECF No. 22.  Upon careful consideration of the parties' submissions,[1]

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its
decision: (1) the plaintiff's opposition to the District defendants' motion to dismiss, <u>see</u> Response/Reply to
Defendant District of Columbia Office of Risk Management and Mayor Muriel Bowser's Motion to Dismiss
Plaintiff's Complaint ("Pl.'s Opp'n to District Defs."), ECF No. 17; (2) Defendant District of Columbia Office of
Risk Management and Mayor Muriel Bowser's Reply in Support of Their Motion to Dismiss Plaintiff's Complaint
("District Defs.' Reply"), ECF No. 18; and (3) the plaintiff's opposition to the U.S. Marshals Service's motion to
(continued . . .)

the Court concludes for the following reasons that it must grant the U.S. Marshals Service's motion to dismiss pursuant to Rule 12(b)(1), grant the District defendants' motion to dismiss pursuant to Rule 12(b)(6), and remand the plaintiff's remaining claim against WC Smith to the Superior Court.

## I.    BACKGROUND

In relevant part, the plaintiff's Complaint alleges that she was wrongfully evicted from her home on May 22, 2025.  See Compl. at 7.[2]  The plaintiff alleges that she was scheduled to be evicted from her home, see id., due to her failure to pay rent to her landlord, WC Smith, see id.  However, the plaintiff alleges that her eviction by the U.S. Marshals Service violated D.C. Code § 42-3505.01, because that provision prohibits evictions "[w]hen precipitation is falling at the location of the rental unit[,]" D.C. Code §42-3505.01(k)(2), and it was "continuous[ly] rain[ing]" in the vicinity of her home at the time of her eviction, Compl. at 7.  The plaintiff alleges that in response to her objections to being evicted during the inclement weather, members of the U.S. Marshals Service told her "it is[ not] raining[,]" and "pay your rent[.]"  Id. at 9.  The plaintiff further alleges that the Marshals used "excessive force" when they tore down her door, id., and forced her to leave the premises without her belongings, see id. at 11.  The plaintiff represents that, as a result of her eviction, she has been unable to regain possession of her property, including documents regarding her deceased son that have significant "sentimental value" to her, and that these items were either "stolen" by the Marshals "or destroyed in the rain."  Id.

---

(. . . continued)
dismiss, see Reply Do Not Dismiss ("Pl.'s Opp'n to USMS"), ECF No. 24.  Additionally, the plaintiff filed a surreply to the District defendants' motion to dismiss without leave of Court, see Reply/Opposing Dismissal ("Pl.'s District Surreply"), ECF No. 19, which the Court will nonetheless consider because of the plaintiff's pro se status and the absence of any motion by the District defendants to strike the plaintiff's unauthorized surreply.

[2] Although the Complaint appears to have some handwritten page number markings, the Court refers to the automatically generated ECF Page ID numbers consistent with those used by the defendants for clarity.

As a result of her eviction, on July 17, 2025, the plaintiff filed her Complaint in the Superior Court of the District of Columbia, seeking $112,000,000 in damages, id., a portion of which she requests be distributed to other residents she claims were also evicted on that same day, see id.[3] On September 30, 2025, after the U.S. Marshals Service removed this case to this Court, the District defendants filed their motion to dismiss the plaintiff's Complaint. See District Defs.' Mot. at 1. On October 10, 2025, the plaintiff filed her opposition to the District defendants' motion, see Pl.'s Opp'n to District Defs. at 1, and on October 17, 2025, the District defendants filed the reply in support of their motion to dismiss, see District Defs.' Reply at 1. As previously indicated, the plaintiff filed an unauthorized surreply on October 23, 2025, see Pl.'s District Surreply at 1, which the Court will nonetheless consider based on her pro se status.

On December 31, 2025, the U.S. Marshals Service filed its motion to dismiss the plaintiff's Complaint, see USMS Mot. at 1, and on January 9, 2026, the plaintiff filed her opposition to the U.S. Marshals Service's motion to dismiss, see Pl.'s Opp'n to USMS at 1. The U.S. Marshals Service has not filed a reply in support of its motion to dismiss.[4]

## II.    STANDARDS OF REVIEW

### A.    Federal Rule of Civil Procedure 12(b)(1)

"Federal [district] courts are courts of limited jurisdiction[,]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and therefore, "[a] motion for dismissal under [Federal Rule of Civil Procedure] 12(b)(1) 'presents a threshold challenge to the [C]ourt's jurisdiction[,]'" Morrow v. United States, 723 F. Supp. 2d 71, 75 (D.D.C. 2010) (Walton, J.)

---

[3] The plaintiff's Complaint also makes a number of claims relating to other lawsuits in the Superior Court of the District of Columbia and this Court, which are unrelated to the basis of her Complaint in this case. See id. at 12–14.

[4] The docket reflects that the U.S. Marshals Service served the summons and the Complaint on defendant WC Smith on February 18, 2026, see Process Receipt and Return at 1, ECF No. 25, but WC Smith has not yet entered an appearance in this case.

(quoting Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987)).  Thus, the Court is obligated to dismiss a claim if it "lack[s] . . . subject matter jurisdiction[.]"  Fed. R. Civ. P. 12(b)(1).  And, because "[i]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction," Kokkonen, 511 U.S. at 377, the plaintiff bears the burden of establishing by a preponderance of the evidence that a district court has subject matter jurisdiction, see Nurse v. Sec'y of Air Force, 231 F. Supp. 2d 323, 326 (D.D.C. 2002) (Walton, J.) (citations omitted).

**B.**      **Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion tests whether a complaint "state[s] a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

In evaluating a motion to dismiss under Rule 12(b)(6), "the Court must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged."  Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)).  While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint, conclusory allegations "are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678 (citing Twombly, 550 U.S. at 555).  Also, the Court need not "accept legal conclusions cast as factual allegations[,]" or

"inferences drawn by [the] plaintiff if those inferences are not supported by the facts set out in the complaint[.]" Hettinga, 677 F.3d at 476. Finally, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice." Equal Emp. Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

**C.      Pro Se Parties**

In applying the above frameworks, the Court is mindful that the pleadings of pro se parties are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, all factual allegations by a pro se litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether to grant a motion to dismiss. See Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999). Nonetheless, a "pro se complaint, like any other, must present a claim upon which relief can be granted by the court." Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

**III.    ANALYSIS**

**A.      The U.S. Marshals Service's Motion to Dismiss Pursuant to Rule 12(b)(1)**

The U.S. Marshals Service argues that the plaintiff's claims against it must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction for three reasons, each of which it contends provides an independent ground for dismissal: (1) the plaintiff is seeking monetary damages for her asserted constitutional tort claims against the U.S. Marshals Service, and her claims are not subject to a waiver of the federal government's sovereign immunity, see USMS Mot. at 4; (2) all of her claims against the U.S. Marshals Service are barred by the judicial

5

doctrine of derivative jurisdiction because the Superior Court of the District of Columbia lacked jurisdiction over the claims against the U.S. Marshals Service, and thus this Court had no jurisdiction upon removal, see id. at 5; and (3) to the extent that the plaintiff asserts common-law tort claims, those claims would be subject to the Federal Tort Claims Act and she has failed to exhaust the administrative remedies required before proceeding with such claims in this Court, see id.  The plaintiff appears to acknowledge that the U.S. Marshals Service is a federal agency, but does not meaningfully respond to its arguments in support of dismissal.  See generally Pl.'s Opp'n to USMS.  The Court will nonetheless address the arguments rather than treat them as conceded due to the plaintiff's pro se status.  And, for the following reasons, the Court concludes that, because the Superior Court lacked jurisdiction over the plaintiff's claims against the U.S. Marshals Service, her claims against the U.S. Marshals Service in this case are barred by derivative jurisdiction.

In the context of removal of a case from a state court or, in this case, the D.C. Superior Court, which is considered a state court in the removal context, see 28 U.S.C. § 1442(d)(6), federal courts exercise "a purely derivative form of jurisdiction, neither enlarging nor contracting the rights of the parties[,]" Arizona v. Manypenny, 451 U.S. 232, 242 (1981).  Thus, "it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."  Id. at 242 n.17 (listing cases).  Although Congress has abrogated this derivative jurisdiction doctrine in the context of removals pursuant to 28 U.S.C. § 1441, it has not done so for cases involving, as here, removal by a federal defendant pursuant to 28 U.S.C. § 1442.  See Merkulov v. U.S. Park Police, 75 F. Supp. 3d 126, 130 (D.D.C. 2014).

Thus, "'[t]o determine whether the doctrine of derivative jurisdiction requires dismissal,' the court must first address the threshold question of whether the D.C. Superior Court had subject matter jurisdiction before removal." Berry v. Buttigieg, No. 23-cv-3587 (TSC), 2025 WL 859086, at *2 (D.D.C. Mar. 19, 2025) (quoting Merkulov, 75 F. Supp. 3d at 130). And, "[i]f the answer is no, th[is] court cannot 'acquire' jurisdiction upon removal, 'even if [the p]laintiff could have filed his complaint in federal court in the first instance.'" Id. (quoting Cofield v. United States, 64 F. Supp. 3d 206, 214 (D.D.C. 2014)).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). Thus, "the United States cannot be sued at all without the consent of Congress [. . . and a] necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed . . . ." Block v. North Dakota, 461 U.S. 273, 287 (1983). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, provides a limited waiver of sovereign immunity for "claims against the United States, for money damages . . . , for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government" if that government employee was "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1). However, "the United States [ ] has not rendered itself liable under [the FTCA] for constitutional tort claims." Meyer, 510 U.S. at 475.

Here, the plaintiff alleges that the U.S. Marshals Service executed an unlawful eviction, in violation of the D.C. Code; used excessive force in doing so; and stole or destroyed her personal property. See Compl. at 7–9, 11. To the extent that some of her claims arise out of her

rights protected by the Constitution, such as her Fourth Amendment right against unreasonable search and seizure, those claims fail as a matter of law because there is no applicable waiver of sovereign immunity.  See Meyer, 510 U.S. at 475.  And to the extent that she brings any other claims for damages, although the Federal Tort Claims Act ("FTCA") "allows those injured by federal employees to sue the United States for damages[,]" Martin v. United States, 605 U.S. 395, 400 (2025), by waiving the sovereign immunity of the federal government, the FTCA only vests jurisdiction in "federal district courts[,]" not state courts such as the Superior Court of the District of Columbia, Sloan v. U.S. Dep't of Hous. & Urban Dev., 236 F.3d 756, 759 (D.C. Cir. 2001) (citing 28 U.S.C. §§ 1346(b), 2674).  Thus, the Superior Court had no jurisdiction over those claims before removal, resulting in this Court not having jurisdiction over those claims upon their removal to this Court.  See Berry, 2025 WL 859086, at *2.  Thus, the Court must dismiss the plaintiff's claims filed against the U.S. Marshals Service.

**B.      The District Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)**

The District defendants move to dismiss the plaintiff's Complaint pursuant to Rule 12(b)(6) because, as clearly indicated in the plaintiff's Complaint, it is the U.S. Marshals Service that executes evictions based on a judgment issued by the Superior Court for the District of Columbia.  See District Defs.' Mot. at 4–5.  The District defendants further argue that the plaintiff has failed to state a claim against them because "[t]here are no allegations linking ORM or Mayor Bowser to [the plaintiff's] eviction."  Id. at 5.  In response, the plaintiff cites D.C. Code § 13-309 and its mandatory notice requirements for filing suit against the District of Columbia, see Pl.'s Opp'n to District Defs. at 2–3, and claims that Mayor Bowser has the "sole authority" in the District, id. at 3, seemingly suggesting that the District defendants can be held liable for the actions of the U.S. Marshals Service.

The Court agrees with the District defendants' arguments.  In the District of Columbia, it is the U.S. Marshals Service that executes evictions, pursuant to appropriate legal process.  See D.C. Code § 13-302 ("[T]he United States Marshal for the District of Columbia . . . shall serve the process of . . . the Superior Court of the District of Columbia.").  The U.S. Marshals Service is a federal entity "within the Department of Justice and under the authority and direction of the Attorney General[,]" 28 U.S.C. § 561, and therefore not subject to the authority of the District of Columbia government.  Accordingly, because the plaintiff has not alleged any actions taken by the District defendants in her submissions, and because the District defendants had no authority over the execution of the plaintiff's eviction by the U.S. Marshals Service, the plaintiff's claims against the District defendants must be dismissed for failure to state a claim.

## C.    The Plaintiff's Claim Against WC Smith

Having now dismissed the plaintiff's claims against the U.S. Marshals Service and the District defendants, the only remaining claim is the plaintiff's wrongful eviction claim against her landlord, WC Smith, based on its purported violation of D.C. Code §42-3505.01(k)(2). Because there are no remaining federal issues for this Court to resolve, and because the only remaining claim arises under the D.C. Code, the Court concludes that it is appropriate to refrain from exercising supplemental jurisdiction over that claim and instead remands the remainder of this case to the Superior Court of the District of Columbia.  See 28 U.S.C. § 1367 (noting that "district courts may decline to exercise supplemental jurisdiction" over a related claim if it "has dismissed all claims over which it has original jurisdiction").

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that it must grant the U.S. Marshals Service's motion to dismiss for lack of subject matter jurisdiction, grant the District defendants'

motion to dismiss for failure to state a claim, and remand the plaintiff's remaining claim against

WC Smith to the Superior Court of the District of Columbia.

**SO ORDERED** this 25th day of March, 2026.[5]

REGGIE B. WALTON
United States District Judge

---

[5] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.